UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GRYPHONS NEST GIFTS, INC.

VERSUS

PARISH OF LIVINGSTON

CIVIL ACTION

NUMBER 08-1-JJB-SCR

**ORDER**

This case is before the court on an Order to Show Cause issued April 17, 2008.  Record document number 9.  The order was issues because the plaintiff failed to file the status report[1] and the plaintiff's attorney failed to attend the April 17 scheduling conference.  Plaintiff filed a timely response to the Order to Show Cause.[2]

Considering the plaintiff's response, no sanctions will be imposed against the plaintiff individually.  Contrary to the argument made in the plaintiff's response, neither the failure to file the status report nor the failure of the plaintiff's attorney attend the scheduling conference was substantially justified, and no other circumstances make an award of attorney's fees to the defendant unjust.  Working on a case pro bono does not excuse the failure to file the status report or the failure to attend the scheduling conference.  Attorneys working pro bono still are

---

[1] See record document number 4, Order scheduling conference and requiring the plaintiff to file a status report.

[2] Record document number 10.

required to comply with the Federal Rules of Civil Procedure and to obey court orders.  While the court will consider that an attorney is representing a party pro bono, and for that reason may set more lenient pretrial deadlines, after deadlines are set the court expects all of the attorneys to either comply with the deadlines or timely seek an extension or other relief – not ignore the deadlines.

Absent a finding of substantial justification or other circumstances which make an award of expenses unjust, Rule 16(f)(2), Fed.R.Civ.P., requires the court to order the payment of the reasonable expenses incurred because of the noncompliance. Defendant's attorney, whose office is in Denham Springs, attended the conference, and so the defendant incurred the expense for him to do so. An award of $175 is reasonable to compensate the defendant for the expenses, including attorney's fees, it incurred.

Therefore;

IT IS ORDERED, pursuant to Rule 16(f)(2), the attorney for the plaintiff shall pay to the defendant, within ten days, $175 to compensate the defendant for the expenses incurred in connection with it's attorney's attendance at the April 17, 2008 scheduling conference.

Baton Rouge, Louisiana, April 29, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE